

PLBRUSAO2006R00704

FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND** LAND

CLERK'S OFFICE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * **CRIMINAL NO.** WDQ-09-022 |
| | * |
| v. | * **(Conspiracy to Commit Bank Fraud,** |
| | * **18 U.S.C. § 1349; Access Device Fraud,** |
| **SHANELL ANGELIA BOWSER,** | * **18 U.S.C. § 1029(a)(5); Aggravated** |
| **MICHELLE COURTNEY JOHNSON,** | * **Identity Theft, 18 U.S.C. § 1028A(a)(1);** |
| a/k/a **Michelle Taborn-Johnson,** | * **and Aiding and Abetting, 18 U.S.C. § 2)** |
| | * |
| **Defendants.** | * |
| | * |

*******

### INDICTMENT

### COUNT ONE
### (Bank Fraud Conspiracy)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

1.      Defendant **SHANELL ANGELIA BOWSER ("SHANELL BOWSER")**

resided at 2622 E. Northern Parkway, Apt. A, in Baltimore, Maryland, 3562 Dudley Avenue in

Baltimore, Maryland, and at other addresses in Baltimore, Maryland, known and unknown to the

Grand Jury.  From January 2004 through April 2005, **SHANELL BOWSER** was employed by

Crawford & Company, an independent insurance adjuster based in Atlanta, Georgia, that

maintained an office in Baltimore, Maryland.

2.      Defendant **MICHELLE COURTNEY JOHNSON a/k/a Michelle Taborn-**

**Johnson ("MICHELLE JOHNSON")** resided at 2744 Tivoly Avenue from February 2006

through at least May 2008.  From May 2003 through May 2007, **MICHELLE JOHNSON** was

employed by Johns Hopkins Medicine, a health care provider based in Baltimore, Maryland.

3.      Defendants **SHANELL BOWSER** and **MICHELLE JOHNSON** were friends and attended Lake Clifton High School from September 1993 to June 1997.

4.      A social security account number (commonly referred to, a referred to herein, as "social security number") is a 9-digit number issued to citizens, permanent residents and temporary (working) residents under section 205(c)(2) of the Social Security Act, 42 U.S.C. § 405(c)(2). The number is issued to an individual by the Social Security Administration. Its primary purpose is to identify individuals who contribute to the social security fund and to track individuals for taxation purposes.  It is also used as a means of identification.  Only the individual to whom a social security number is assigned may use that number.

### The Victim Financial Institutions

5.      Staples was a retail store with locations throughout Maryland and the United States.  Staples offered credit accounts, including instant credit, through in-store applications, telephone applications, on-line applications over the internet, and mail-in applications.  These credit accounts were issued by Citibank, SD, N.A.

6.      Citibank, SD, N.A. was a financial institution as defined by 18 U.S.C. § 20, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").  Citibank was headquartered in South Dakota, but conducted business worldwide.

7.      World Financial Network National Bank ("WFNNB") was a financial institution as defined by 18 U.S.C. § 20, the deposits of which were insured by the FDIC.  WFNNB was headquartered in Ohio, but conducted business worldwide.

2

8.      J.P. Morgan Chase & Co. ("Chase ") was a financial institution as defined by 18 U.S.C. § 20, the deposits of which were insured by the FDIC.  Chase was headquartered in New York, but conducted business worldwide.

## The Charge

9.      From on or about August 1, 2005 through on or about May 29, 2008, in the District of Maryland and elsewhere,

**SHANELL ANGELIA BOWSER,**
**and**
**MICHELLE COURTNEY JOHNSON,**
**a/k/a Michelle Taborn-Johnson,**

defendants herein, did knowingly and intentionally combine, conspire, confederate and agree together and with other persons, both known and unknown to the Grand Jury, to execute and attempt to execute a scheme and artifice to defraud  financial institutions, and to obtain money and property from  financial institutions, by means of material false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344.

## OBJECT OF THE CONSPIRACY AND THE SCHEME TO DEFRAUD

10.      It was the object of the conspiracy and of the scheme to defraud to use the names, social security numbers, and other personal identifying information of various individual victims, without their knowledge and consent, to obtain credit accounts to obtain cash and to purchase consumer goods and services for the conspirators' own use without intending to pay for them, thereby obtaining money and property from, and causing a loss to, the victim financial institutions.

3

## MANNER AND MEANS OF THE CONSPIRACY AND THE SCHEME TO DEFRAUD

11.     It was part of the conspiracy and the scheme to defraud that **SHANELL BOWSER, MICHELLE JOHNSON**, and others known and unknown to the Grand Jury, obtained unauthorized access to names, social security numbers, and other personal identifying information of individuals without their knowledge or consent.

12.     It was further part of the conspiracy and the scheme to defraud that **SHANELL BOWSER** used her employment as a Claims Clerk at Crawford & Company to obtain access to the names, social security numbers, and other personal identifying information of persons who were past or present claimants of Crawford & Company.

13.     It was further part of the conspiracy that **MICHELLE JOHNSON** used her employment as a Patient Services Coordinator at Johns Hopkins Medicine to obtain access to the names, social security numbers, and other personal identifying information of persons who were past or present patients at Johns Hopkins Medicine, and relatives of those patients.

14.     It was further part of the conspiracy that **SHANELL BOWSER, MICHELLE JOHNSON,** and others known and unknown to the Grand Jury, obtained personal identifying information of persons from sources other than their respective employers.

15.     It was further part of the conspiracy and scheme to defraud that **SHANELL BOWSER, MICHELLE JOHNSON**, and others known and unknown to the Grand Jury, would use the names, social security numbers and other personal identifying information to fraudulently apply for credit from financial institutions.

16.     It was further part of the conspiracy and scheme to defraud that **SHANELL BOWSER, MICHELLE JOHNSON**, and others known and unknown to the Grand Jury, would

4

use the Internet, the mails and telephones to submit fraudulent applications in the names of others.

17.     It was further part of the conspiracy and scheme to defraud that **SHANELL BOWSER, MICHELLE JOHNSON**, and others known and unknown to the Grand Jury would use the fraudulently-obtained credit accounts to obtain services, such as utilities, cable, or cellular phone,  or  merchandise, such as televisions, computers, phones, clothing and furniture.

18.     It was further part of the conspiracy and scheme to defraud that **SHANELL BOWSER, MICHELLE JOHNSON**, and others known and unknown to the Grand Jury, would cause the delivery of fraudulently obtained merchandise to their own residences and to residences of friends and family members and to other locations controlled by or accessible to members of the conspiracy.

19.     It was further part of the conspiracy and scheme to defraud that **SHANELL BOWSER, MICHELLE JOHNSON**, would not pay for the services and merchandise charged to the fraudulently-obtained credit accounts.

20.     It was further part of the scheme and artifice to defraud that from on or about September 28, 2005, through on or about November 4, 2005,  **SHANELL BOWSER, MICHELLE JOHNSON,** and others known and unknown to the Grand Jury, used a fraudulently opened credit account in the name of "GG" at Chase to make approximately $13,137.87 in cash advances and retail purchases.

21.     It was further part of the scheme and artifice to defraud that, from on or about October 5, 2005 through on or about October 25, 2005,  **SHANELL BOWSER, MICHELLE JOHNSON,** and others known and unknown to the Grand Jury, used fraudulently opened credit

accounts in the name of "DW" at Chase Bank and GE Money Bank to purchase merchandise from numerous retail stores in Maryland and for the installation of wood flooring and carpeting.

22.     It was further part of the scheme and artifice to defraud that in or about February 2007 through in or about April 2007, **SHANELL BOWSER, MICHELLE JOHNSON,** and others known and unknown to the Grand Jury, used fraudulently opened credit accounts in the name of "BC" at Citibank and Chase Bank to make approximately $6,500 in retail purchases from Staples, Victoria's Secret, The Finish Line, Checkers, Zappos.com, and other stores.

23.     It was further part of the scheme and artifice to defraud that on or about March 22, 2007, **SHANELL BOWSER, MICHELLE JOHNSON,** and others known and unknown to the Grand Jury, used fraudulently opened credit accounts in the name of "HS" at Citibank to make internet purchases  from Staples.com including two ACER 22" computer monitors, cups and plates, totaling $645.86.

24.     It was further part of the scheme and artifice to defraud that from on or about December 22, 2006 through on or about May 28, 2008,  **SHANELL BOWSER, MICHELLE JOHNSON,** and others known and unknown to the Grand Jury, used fraudulently opened credit accounts in the name of "HW" at WFNNB, Chase Bank, and Citibank to make approximately $6,998.22 in purchases of clothing, accessories, computer equipment, mobile phones and plans, and other items.

25.     It was further part of the conspiracy and scheme to defraud that defendants **SHANELL BOWSER, MICHELLE JOHNSON,** and others known and unknown to the Grand Jury, fraudulently obtained extensions of credit in excess of $511,730.37 and  obtained goods and services valued at over $169,389.38.

18 U.S.C. § 1349

## COUNT TWO
### (Access Device Fraud)

The Grand Jury for the District of Maryland further charges that:

1.          The allegations set forth in paragraphs 1 through 8, 10 through 25 of Count One

are incorporated here.

2.          From on or about September 28, 2005, through on or about November 4, 2005 in

the District of Maryland and elsewhere,

### SHANELL ANGELIA BOWSER,
### and
### MICHELLE COURTNEY JOHNSON,
### a/k/a Michelle Taborn-Johnson,

the defendants herein, knowingly and with intent to defraud, effected transactions, with one or

more access devices issued to another person or persons, to receive payment and any other thing

of value during any one-year period, the aggregate value of which is equal to or greater than

$1,000.00, and said offense affected interstate and foreign commerce; to wit: the defendants used

a credit account which had been fraudulently obtained from Chase Bank using the name and

social security number of "GG" to obtain goods and services valued at approximately $13,137.87

from the account number ending 2123, which defendants converted to their own use.


18 U.S.C. § 1029(a)(5)
18 U.S.C. § 2

7

## COUNT THREE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      The allegations set forth in paragraphs 1 through 8, 10 through 25 of Count One are incorporated here.

2.      On or about September 29, 2005 in the District of Maryland and elsewhere,

### SHANELL ANGELIA BOWSER,
### and
### MICHELLE COURTNEY JOHNSON,
### a/k/a Michelle Taborn-Johnson,

the defendants herein,  did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly possess and use, without lawful authority, a means of identification of another specific individual, to wit, using the name and address of "GG" during and in relation to bank fraud conspiracy under 18 U.S.C. §1349, as set forth in Count One of this Indictment, and access device fraud under 18 U.S.C. §1029(a)(5), as set forth in Count Two of this Indictment.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

8

## COUNT FOUR
### (Access Device Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      The allegations set forth in paragraphs 1 through 8, 10 through 25 of Count One are incorporated here.

2.      From on or about October 5, 2005 through on or about October 25, 2005, in the District of Maryland and elsewhere,

### SHANELL ANGELIA BOWSER,
### and
### MICHELLE COURTNEY JOHNSON,
### a/k/a Michelle Taborn-Johnson,

the defendants herein, knowingly and with intent to defraud, effected transactions, with one or more access devices issued to another person or persons, to receive payment and any other thing of value during any one-year period, the aggregate value of which is equal to or greater than $1,000.00, and said offense affected interstate and foreign commerce; to wit: the defendants used a credit account which had been fraudulently obtained from Chase Bank using the name and social security number of "DW" to obtain goods and services valued at approximately $2,035.23 from the account number ending 8673, which defendants converted to their own use.

18 U.S.C. § 1029(a)(5)
18 U.S.C. § 2

9

## COUNT FIVE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      The allegations set forth in paragraphs 1 through 8, 10 through 25 of Count One are incorporated here.

2.      On or about October 17, 2005, in the District of Maryland and elsewhere,

### SHANELL ANGELIA BOWSER,
### and
### MICHELLE COURTNEY JOHNSON,
### a/k/a Michelle Taborn-Johnson,

the defendants herein,  did, during and in relation to a felony violation enumerated in 18 U.S.C. §

1028A(c), knowingly possess and use, without lawful authority, a means of identification of

another specific individual, to wit, using the name and address of "DW" during and in relation to

bank fraud conspiracy under 18 U.S.C. §1349, as set forth in Count One of this Indictment, and

access device fraud under 18 U.S.C. §1029(a)(5), as set forth in Count Four of this Indictment.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

10

## COUNT SIX
**(Access Device Fraud)**

The Grand Jury for the District of Maryland further charges that:

1.       The allegations set forth in paragraphs 1 through 8, 10 through 25 of Count One are incorporated here.

2.       On or about March 5, 2007, in the District of Maryland and elsewhere,

**SHANELL ANGELIA BOWSER,**
**and**
**MICHELLE COURTNEY JOHNSON,**
**a/k/a Michelle Taborn-Johnson,**

the defendants herein, knowingly and with intent to defraud, effected transactions, with one or more access devices issued to another person or persons, to receive payment and any other thing of value during any one-year period, the aggregate value of which is equal to or greater than $1,000.00, and said offense affected interstate and foreign commerce; to wit: the defendants used a credit account which had been fraudulently obtained from Citibank using the name and social security number of "BC" to obtain goods and services valued at approximately $1,497.84, from the account ending in 5615, which defendants converted to their own use.

18 U.S.C. § 1029(a)(5)
18 U.S.C. § 2

## COUNT SEVEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.        The allegations set forth in paragraphs 1 through 8, 10 through 25 of Count One are incorporated here.

2.        On or about March 5, 2007 in the District of Maryland and elsewhere,

**SHANELL ANGELIA BOWSER,**
**and**
**MICHELLE COURTNEY JOHNSON,**
**a/k/a Michelle Taborn-Johnson,**

the defendants herein,  did, during and in relation to a felony violation enumerated in 18 U.S.C. §

1028A(c), knowingly possess and use, without lawful authority, a means of identification of

another specific individual, to wit, using the name and address of "BC" during and in relation to

bank fraud conspiracy under 18 U.S.C. §1349, as set forth in Count One of this Indictment, and

access device fraud under 18 U.S.C. §1029(a)(5), as set forth in Count Six of this Indictment.


18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

12

## COUNT EIGHT
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      The allegations set forth in paragraphs 1 through 8, 10 through 25 of Count One are incorporated here.

2.      On or about March 22, 2007 in the District of Maryland and elsewhere,

**SHANELL ANGELIA BOWSER,**
**and**
**MICHELLE COURTNEY JOHNSON,**
**a/k/a Michelle Taborn-Johnson,**

the defendants herein,  did, during and in relation to a felony violation enumerated in 18 U.S.C. §

1028A(c), knowingly possess and use, without lawful authority, a means of identification of

another specific individual, to wit, using the name and address of "HS" during and in relation to

bank fraud conspiracy under 18 U.S.C. §1349, as set forth in Count One of this Indictment.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

13

## COUNT NINE
### (Access Device Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      The allegations set forth in paragraphs 1 through 8, 10 through 25 of Count One are incorporated here.

2.      From on or about December 22, 2006 through on or about May 28, 2008, in the District of Maryland, and elsewhere,

**SHANELL ANGELIA BOWSER,**
**and**
**MICHELLE COURTNEY JOHNSON,**
**a/k/a Michelle Taborn-Johnson,**

the defendants herein, knowingly and with intent to defraud, effected transactions, with one or more access devices issued to another person or persons, to receive payment and any other thing of value during any one-year period, the aggregate value of which is equal to or greater than $1,000.00, and said offense affected interstate and foreign commerce; to wit: the defendants used credit accounts which had been fraudulently obtained from WFNNB, Citibank, and Chase Bank, using the name and social security number of "HW" to obtain goods and services valued at approximately $6,998.22, which defendants converted to their own use.

18 U.S.C. § 1029(a)(5)
18 U.S.C. § 2

## COUNT TEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      The allegations set forth in paragraphs 1 through 8, 10 through 25 of Count One

are incorporated here.

2.      On or about January 2, 2007 in the District of Maryland and elsewhere,

**SHANELL ANGELIA BOWSER,**
**and**
**MICHELLE COURTNEY JOHNSON,**
**a/k/a Michelle Taborn-Johnson,**

the defendants herein,  did, during and in relation to a felony violation enumerated in 18 U.S.C. §

1028A(c), knowingly possess and use, without lawful authority, a means of identification of

another specific individual, to wit, using the name and address of "HW" during and in relation to

bank fraud conspiracy under 18 U.S.C. §1349, as set forth in Count One of this Indictment, and

access device fraud under 18 U.S.C. §1029(a)(5), as set forth in Count Nine of this Indictment.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

Rod J. Rosenstein
United States Attorney

A TRUE BILL

SIGNATURE REDACTED

Date: 1/14/09

15